13-2543-cr(L)
*United States v. Bengis*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand fifteen.

PRESENT:   JOHN M. WALKER, JR.,
                      JOSÉ A. CABRANES,
                      SUSAN L. CARNEY,
                              *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*

               -v.-                                              No.    13-2543-cr(L)
                                                                              13-4268-cr(CON)

ARNOLD MAURICE BENGIS, JEFFREY NOLL, DAVID BENGIS,
                    *Defendants-Appellants,*

GRANT BERMAN, SHAUN LEVY,
                    *Defendants.*[*]

---

[*] The Clerk of Court is directed to amend the official caption to conform with the above.

FOR APPELLANTS:        MARK A. BERUBE, New York, NY.
FOR APPELLANT
DAVID BENGIS:          ERIC M. CREIZMAN, New York, NY.

FOR APPELLEE:          JARED LENOW (Brent S. Wible, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court be and

hereby is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Arnold Bengis, Jeffrey Noll, and David Bengis (jointly, "defendants")

appeal from the entry of a restitution order following their guilty pleas to

conspiracy to commit smuggling and violate the Lacey Act, which prohibits

trade in illegally taken fish,  and to substantive violations of the Lacey Act

(Arnold Bengis and Jeffrey Noll) and conspiracy to violate the Lacey Act (David

Bengis). The district court entered a restitution order requiring defendants to pay

$22,446,720 to South Africa. The defendants' Sixth-Amendment *Apprendi*

challenge and David Bengis's challenge to the portion of the order holding him

jointly and severally liable for the entire restitution amount are addressed in a separate opinion filed simultaneously with this summary order. In this summary order, we address the remainder of defendants' arguments. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

First, the defendants challenge the district court's reliance on the OLRAC Method II report and Ray declaration in determining the appropriate amount of restitution. We review a district court's order of restitution for abuse of discretion and will set aside the district court's findings of fact only for clear error. *United States v. Reifler*, 446 F.3d 65, 120 (2d Cir. 2006). In determining the proper restitution amount, the district court "need not establish the loss with precision but rather need only make a reasonable estimate of the loss, given the available information." *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009) (internal quotation marks omitted).

We discern no clear error in the district court's determination of the restitution amount. The district court relied on the OLRAC Method II report, which determined the market value of the illegally harvested lobsters and was prepared based on the plea agreement of defendants' company in the South

3

African prosecution and on informants' estimations of the quantity of illegally harvested lobster. The district court thus relied on "a reasonable estimate [made] by extrapolating the average amount of loss from known data and applying that average to transactions where the exact amount of loss is unknown." *Id.* (internal quotation marks omitted).

Second, David Bengis argues that the Mandatory Victims' Restitution Act ("MVRA") does not authorize a restitution order against him because South Africa was not a victim of his crime. Specifically, David Bengis argues that he pleaded guilty only to a conspiracy to import rock lobsters that he should have known were harvested illegally, and that, distinct from the actual harvesting to which his co-defendants pleaded guilty, this crime did not harm South Africa. Even assuming that his argument is not foreclosed by our decision in *United States v. Bengis*, 631 F.3d 33 (2d Cir. 2011), we find it unpersuasive.

The defendants' conduct, including David Bengis's participation in a scheme to import and sell lobsters that he should have known were harvested illegally, "facilitated the illegal harvesting of the lobsters by providing access to the United States market and enabled the poaching to go undetected by the South African government." *Id.* at 41. Thus, the specific conduct that is the basis

4

of David Bengis's offense of conviction contributed to South Africa's loss. *See*

*United States v. Oladimeji*, 463 F.3d 152, 159 (2d Cir. 2006). Therefore, the district

court correctly ordered David Bengis to compensate South Africa pursuant to the

MVRA for the loss he helped to cause.

Finally, the defendants make a variety of arguments in support of their

contention that the district court abused its discretion by entering the deposit

order against them. The MVRA authorizes the government to enforce a

restitution order "by all . . . available and reasonable means." 18 U.S.C.

§ 3664(m)(1)(A)(ii). And under the All Writs Act, a district court has the power

"to issue such commands . . . as may be necessary or appropriate to effectuate

and prevent the frustration of orders it has previously issued in its exercise of

jurisdiction otherwise obtained." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172

(1977) (citing 28 U.S.C. § 1651(a)). A district court's grant of an injunction under

the All Writs Act is reviewed for an abuse of discretion. *United States v. Int'l Bhd.*

*of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 266 F.3d 45, 49

(2d Cir. 2001) (per curiam).

Here, the government submitted substantial evidence tending to show that

the defendants were taking steps to evade enforcement of the district court's

restitution order. Therefore, we conclude, contrary to the defendants' contentions, that the district court had the authority to issue the deposit order to effectuate its earlier restitution order.

We also reject the defendants' arguments that the deposit order is overly broad or vague. The government's evidence tended to show that the defendants were enlisting the help of third parties to protect their SG Hambros assets from being made available to satisfy the restitution order. Thus, the district court acted within its broad discretion by restraining the defendants, including Noll, and all persons in active concert with them from encumbering or transferring any property in which the defendants held an interest to any entity other than the Clerk of Court. Finally, it is immaterial that the deposit order exceeded the relief sought by the government in its underlying motion because the district court acted comfortably within its discretion by issuing the deposit order for the entire restitution amount.

We have considered the remainder of the defendants' arguments in addition to those addressed in the accompanying opinion, and find them to be without merit. Accordingly, as explained in the accompanying opinion, the

judgment of the district court hereby is AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk